**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

IN RE:

Norman S. Dillard
aka Norman Dillard

Debtor

Case No.: 15-38216
Chapter: 13
Hearing Date: 12/1/15

Judge Carol A. Doyle

## NOTICE OF MOTION

TO: Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603 by electronic notice through ECF
Norman S. Dillard aka Norman Dillard, Debtor, 3935 W. Monroe Street, Chicago, IL 60624
Mattie J. Dillard, Co-Debtor, 3935 W. Monroe Street, Chicago, IL 60624
Charles L. Magerski, Attorney for Debtor, 900 Jorie Boulevard, Suite 150, Oak Brook, IL 60523 by electronic notice through ECF

PLEASE TAKE NOTICE that on 12/1/15, at 9:30AM, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Carol A. Doyle, Bankruptcy Judge, in the courtroom usually occupied by him/her at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, room 742, or before any other Bankruptcy Judge who may be sitting in his/her place and stead, and shall then and there present this Motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear is you so desire.

## PROOF OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee and Debtor's attorney via electronic notice on November 23, 2015 and as to debtor and co-debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527, before the hour of 5:00 PM on November 23, 2015.

/s/ Joel P. Fonferko
Attorney for Movant

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-10-45209)**

NOTE: This law firm is a debt collector.

# **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed below, as to the Trustee and Debtor's attorney via electronic notice on November 23, 2015 and as to the debtor and co-debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on November 23, 2015.

Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603 by electronic notice through ECF
Norman S. Dillard aka Norman Dillard, Debtor, 3935 W. Monroe Street, Chicago, IL 60624
Mattie J. Dillard, Co-Debtor, 3935 W. Monroe Street, Chicago, IL 60624
Charles L. Magerski, Attorney for Debtor, 900 Jorie Boulevard, Suite 150, Oak Brook, IL 60523 by electronic notice through ECF

                              /s/ Joel P. Fonferko
                                Attorney for Movant

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-10-45209)**

NOTE: This law firm is a debt collector.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>Norman S. Dillard<br>aka Norman Dillard<br><br>Debtor | Case No.: 15-38216<br>Chapter: 13<br>Hearing Date: 12/1/15<br><br>Judge Carol A. Doyle |

**MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY OR DISMISSAL WITH 180-DAY BAR TO RE-FILING**

**NOW COMES** Provident Funding Associates, L.P (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court pursuant to 11 U.S.C. §362(d)(4) and §1301(c) for an in rem Order granting Movant relief from the automatic stay and co-debtor stay, and pursuant to 11 U.S.C. §§ 109 and/or 349(a) and 105 dismissing this case with 180-Day Bar to Re-filing, and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, Eastern Division;

2. Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 11/10/15;

3. Movant is a mortgage holder or servicer on the property commonly known as 3935 W. Monroe Street, Chicago, IL 60624 (hereinafter "subject property");

4. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. Section 362 of the Bankruptcy Code;

5. Since the inception of this mortgage, this is debtor's and/or spouse's fifth bankruptcy staying this Movant's state court foreclosure action in a 31 month period:

    a. Bankruptcy CH-13 Case #13-17517 filed on 4/25/13 by Norman Dillard. Movant obtained relief from the automatic stay on 9/10/13. Case was also dismissed per Trustee's motion on 9/10/13.

    b. Bankruptcy CH-13 Case #13-40649 filed on 10/16/13 by Norman Dillard. Movant obtained relief from the automatic stay on 6/2/14. Case was also dismissed per Trustee's motion on 6/2/14.

    c. Bankruptcy CH-13 Case #14-24890 filed on 7/3/14 by Mattie Dillard. Case was dismissed per Trustee's motion on 12/8/14.

    d. Bankruptcy CH-13 Case #15-00657 filed on 1/9/15 by Mattie Dillard. Case was dismissed per Trustee's motion on 9/23/15.

    e. Bankruptcy CH-13 Case #15-38216 filed on 11/10/15 by Norman Dillard.

6. On 12/23/2010, Movant filed a complaint to foreclose on its mortgage against the above-described real estate. A Judgment was entered in state court foreclosure action on 1/25/2013;

7. Pursuant to said Judgment, a Judicial Sale was scheduled for 4/29/2013;

8. Movant was forced to cancel said sale due to the filing of bankruptcy case #13-17517 by Norman Dillard, 4 days before the scheduled sale;

9. Subsequent to relief and dismissal of the first bankruptcy, a second judicial sale was scheduled for 10/17/13. Movant was forced to cancel said sale due to the filing of bankruptcy case #13-40649 by Norman Dillard, 1 day before the scheduled sale;

10. Subsequent to relief and dismissal of the second bankruptcy, a third judicial sale was scheduled for 7/28/14. Movant was forced to cancel said sale due to the filing of bankruptcy case #14-24890 by Mattie Dillard, 25 days before the scheduled sale;

11. Subsequent to dismissal of the third bankruptcy, a fourth judicial sale was scheduled for 1/16/15. Movant was forced to cancel said sale due to the filing of bankruptcy case #15-00657 by Mattie Dillard, 7 days before the scheduled sale;

12. Subsequent to dismissal of the fourth bankruptcy, a fifth judicial sale was scheduled for 11/10/15. Movant was forced to cancel said sale due to the filing of bankruptcy case #15-38216 by Norman Dillard, the same day as the scheduled sale;

13. That the scheduled judicial sale has been continued in accordance with state law to allow Movant an opportunity to present this motion;

14. That there has been no change of circumstances between the dismissal of the first case, the pending case and the filing of the instant case, which would justify a FIFTH filing;

15. The debt owed Movant is increasing rapidly while the value of the property securing it is not;

16. That Debtors' history of serial filing without change of circumstances, Debtors' failure to comply with the provisions of Chapter 13 in any of his filings, and Debtors' failure to maintain post-petition mortgage payments or Chapter 13 plan payments evidences bad faith and an abuse of the provisions, purposes and spirit of the Bankruptcy Code [See, In re Kinney, 51 B.R. 840 (Bkrtcy.C.D.Cal. 1985), which held that debtors which filed multiple bankruptcy petition to utilize the automatic stay without the intent and ability to reorganize had acted in bad faith and abused the bankruptcy process.];

17. Pursuant to decisions of the United States Court of Appeals for the Seventh Circuit, filing of a Chapter 13 petition in bad faith constitutes grounds for dismissal "for cause" pursuant to 11 U.S.C. §1307(c)  [See, for example, In the Matter of Kenneth W. Smith, 848 F.2d 813, at 816 (7th Cir. 1988), and In the Matter of Love, 957 F.2d 1350, at 1354 (7th Cir.1992);

18. Pursuant to 11 U.S.C. §349(a) and §105, this court has discretion to make dismissal of Debtor's case a dismissal with prejudice and 180-Day Bar to subsequent filings, and a finding of bad faith and improper filing by this court is good and sufficient cause for so ruling;

19. Pursuant to 11 U.S.C. §109, this Court has discretion to make dismissal of debtor's case a dismissal with 180-Day Bar to subsequent filings, and a finding of bad faith and that Debtor has failed to properly prosecute his cases by this Court is good and sufficient cause for so ruling;

20. That the filing of a fifth bankruptcy petition where Debtor has failed to meet the requirements of prior Chapter 13 Plans forcing Movant to cancel, reschedule and republish judicial foreclosure sales is evidence that the instant filing was undertaken for an "improper purpose" without actual ability to reorganize;

21. That Debtors' history of serial filing without change of circumstances, Debtors' failure to comply with the provision of Chapter 13 in any of his filings, Debtors' failure to make any post-petition mortgage payments or Chapter 13 plan payments, evidences that the filing of the instant bankruptcy petition is part of a scheme to delay, hinder and defraud Movant through multiple bankruptcy filings affecting the subject property and gives grounds for the Honorable Court to grant in rem relief pursuant to 11 U.S.C. §362(d)(4);

22. That further delay or the filing of additional bankruptcy proceedings will cause serious harm to Movant in attorney's fees and costs in any underlying foreclosure proceeding and no remedy other than a 180-day bar to re-filing or in rem relief will protect this Movant from this harm;

23. That sufficient grounds exist for said dismissal to be with 180-Day Bar to re-filing pursuant to 11 U.S.C. §109 and/or 11 U.S.C. §349(a) and §105 and to grant in rem relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4) and §105 for cause as:
    a. Movant is not adequately protected herein;
    b. Debtor's plan has been proposed in bad faith;
    c. Debtor and Debtor's spouse's filing of this fifth petition in a 31 month period without the ability to successfully reorganize constitutes an abuse of the bankruptcy process;
    d. Debtors' pre and post-petition conduct and filing history evidence a scheme to delay, hinder, and defraud Movant through multiple bankruptcy filings affecting the subject property;

24. The Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Movant requests this Court so order;

25. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding as follows:

$850.00 for Preparation of Notice and Motion for Relief from the Automatic Stay, and prosecution of same

$176.00 for Court filing fee

26. That the subject note and mortgage are co-signed by Mattie J. Dillard and that to the extent that the co-debtor stay of 11 U.S.C. §1301 applies to real estate loans, it applies to Mattie J. Dillard and grounds exist for relief therefrom under 11 U.S.C. §1301(c)(1) as the co-debtor received an ownership interest in the house and under 11 U.S.C. §1301(c)(3) if the automatic stay is modified herein;

**WHEREFORE,** PROVIDENT FUNDING ASSOCIATES, L.P prays this Court enter an <u>in rem</u> Order pursuant to 11 U.S.C. §362(d)(4) and §1301(c) modifying the automatic stay and co-debtor stay as to Movant or an Order dismissing this case with a 180-day bar to re-filing pursuant to 11 U.S.C. §§ 109 and/or 349(a) and 105, allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this November 23, 2015.

Respectfully Submitted,

Codilis & Associates, P.C.

By: /s/ Joel P. Fonferko

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-10-45209)**

NOTE: This law firm is a debt collector.