IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15 B 38216 |
| | ) | |
| NORMAN S. DILLARD, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**OBJECTION OF MERCEDES-BENZ FINANCIAL SERVICES USA LLC F/K/A DCFS USA LLC SUCCESSOR IN INTEREST TO DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC TO CONFIRMATION
OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

MERCEDES-BENZ FINANCIAL SERVICES USA LLC F/K/A DCFS USA LLC SUCCESSOR IN INTEREST TO DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC ("Mercedes"), a creditor herein, by its attorneys, the law firm of Sorman & Frankel, Ltd., respectfully requests this Court, pursuant to Sections 506(a), 1325(a)(5)(B)(iii) and 1326(a)(1) of the Bankruptcy Code, 11 U.S.C. §§506(a), 1325(a)(5)(B)(iii), 1326(a)(1) (West 2016), and such other Sections and Rules as may apply, for its Objection to confirmation of Debtor's proposed Chapter 13 Plan, states as follows:

1. On November 10, 2015, Debtor, Norman S. Dillard ("Debtor") filed a Voluntary Petition for Relief (the "Petition") under Chapter 13 of the Bankruptcy Code and a proposed Chapter 13 Plan (the "Plan"), which is scheduled for a confirmation hearing on January 12, 2016.

2. As reflected in the documents attached hereto as Exhibit "A", Mercedes is a secured creditor of the Debtor with respect to a certain indebtedness secured by a lien upon a 2007 Mercedes-Benz GL450 motor vehicle bearing a Vehicle Identification Number ("VIN") of 4JGBF71E57A149370 (the "Vehicle"). (See Ex. "A"). Debtor purchased the Vehicle on May 19, 2007, *i.e.*, more than 910 days prior to the date of commencement of these proceedings.

3. As set forth in the Retail Installment Contract (the "Contract") attached as part of Exhibit "A", Debtor was required to tender equal monthly payments to Mercedes, each in the sum of $1,183.75 with an interest rate of 7.75%. (See Ex. "A").

4. Debtor has not provided Mercedes or its counsel with proof of a valid insurance policy for the Vehicle identifying Mercedes as loss payee to protect Mercedes's interest in the Vehicle from loss or destruction and there remains a total outstanding balance due to Mercedes from Debtor in the sum of $92,033.10.

5. Notwithstanding the foregoing, Debtor's Plan identifies Mercedes as a secured creditor with regard to the Vehicle only in the sum of $13,000.00 with a proposed interest rate of 4.0% per annum on that portion of its claim that Debtor deems secured. (See Plan at §E.3.1(a)). Further, Debtor's Plan proposes fixed, equal monthly installment payments to Mercedes of $239.41.

6. The foregoing conduct is inconsistent with applicable provisions of the Bankruptcy Code. By failing to adequately provide for Mercedes in the Plan, Debtor has invoked the "cram down" provisions of the Code, 11 U.S.C. §1325(a)(5)(B), to attempt to reduce Mercedes's secured claim from $92,033.10 with an interest rate of 7.75% to a lesser amount, *i.e.*, $13,000.00 payable with a 4.0% interest rate. However, as held by the United States Supreme Court in Associates Commercial Corp. v. Rash (In re Rash):

> Under the cram down option, the debtor is permitted to keep the property over the objection of the creditor; the creditor retains the lien securing the claim ... and the debtor is required to provide the creditor with payments, over the life of the plan, that will total the present value of the allowed secured claim, *i.e.*, the present value of the collateral.

520 U.S. 953, 957, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). Furthermore, as noted by the In re Rash Court, "under §506(a), the value of the property retained because the debtor has exercised

the §1325(a)(5)(B) cram down option is the cost the debtor would incur to obtain a like asset for the same proposed ... use." 520 U.S. at 960 (internal citations omitted).

7. In light of the holding of In re Rash, Debtor should be required to provide in their plan for payment to Mercedes of the value of its secured claim, *i.e., the lesser of the amount due under the contract or the current retail value of the Vehicle.* As reflected in the NADA Official Used Car Guide Appraisal Report attached as Exhibit "B", the retail value of the Vehicle is no less than $17,400.00.

8. Further, Debtor' proposed Plan fails to provide payments to Mercedes for the present value of its claim because the Plan does not provide for adequate interest payments. Debtor Plan proposes an interest rate of 4.0% despite Mercedes's per annum interest rate of 7.75% as set forth in its Proof of Claim and the Retail Installment Contract pursuant to which Debtor purchased the Vehicle (See Ex. "A").

9. The standard for determining the proper rate of interest to be paid on a secured claim has been clarified by the United States Supreme Court in Till v. SCS Credit Corp., 124 S.Ct. 1951 (2004), which held that courts must determine the appropriate rate of interest to be paid to a secured creditor in a Chapter 13 Plan by providing that creditor with a "risk adjustment" sufficient to compensate it for the added risk of the Debtor having commenced bankruptcy proceedings. To determine the appropriate "risk adjustment", the Supreme Court held that a Court addressing this issue must consider: (1) the circumstances of the estate; (2) the nature of the security; (3) the duration of the proposed reorganization plan; (4) the feasibility of the proposed reorganization plan; and, (5) the characteristics of the loan.

10. The circumstances of Debtor's bankruptcy estate, wherein Debtor's financial condition has presumptively deteriorated since the date of purchase of the Vehicle, thus

necessitating the commencement of these proceedings, clearly show that Debtor could not obtain financing at a rate lower than the 7.75% interest rate provided in the contract at issue. To the extent that Debtor's proposed Chapter 13 Plan, or any amendments thereto, does not provide Mercedes with a rate of interest on its secured claim equivalent to the contract rate of interest, Mercedes requests a hearing to determine the appropriate "risk adjustment" to apply to this Debtor and treatment of Mercedes's secured claim.

11. In order to comply with the mandate set forth in Section 1325(a)(5)(B)(iii) of the Bankruptcy Code, Debtor is required to propose a Plan that provides equal, fixed monthly payments to Mercedes in a manner sufficient to satisfy its secured claim, *i.e.*, $350.73 per month, as calculated by a secured claim value of $17,400.00 with a 7.75% interest rate amortized over sixty (60) months. (See Ex. "B").

12. Mercedes's security interest in the Vehicle is not adequately protected since its collateral is a depreciating asset and the Vehicle continues to decrease in value as payments are not made to Mercedes to compensate for same. Similarly, Mercedes is not adequately protected against the Vehicle's depreciation pursuant to Debtor's proposed Chapter 13 Plan because the Vehicle will continue to depreciate at a faster rate than payments are received by Mercedes pursuant to same.

13. As such, Debtor's Plan fails to comply with applicable provisions of the Bankruptcy Code and must provide for and satisfy the objections specified herein to be feasible and provide Mercedes adequate protection. As such, Mercedes requests that this Court decline to confirm the Plan as presently proposed.

**WHEREFORE**, Mercedes-Benz Financial Services USA LLC f/k/a DCFS USA LLC successor in interest to DaimlerChrysler Financial Services Americas LLC respectfully

requests this Court to enter an Order, a proposed copy of which is attached as Exhibit "C", as follows:

    A.  Denying Debtor's request for confirmation of the Plan;

    B.  Requiring that Debtor's Plan be amended to propose monthly payments to Mercedes towards full and complete satisfaction of a secured claim in the amount of $17,400.00 with an interest rate of 7.75% per annum, payable in equal, fixed monthly payments of $350.73; and,

    C.  For such other, further and different relief as this Court deems just and proper.

Respectfully submitted,

MERCEDES-BENZ FINANCIAL SERVICES USA LLC F/K/A DCFS USA LLC SUCCESSOR IN INTEREST TO DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC, Creditor,

By: _____/s/ Cari A. Kauffman_____
One of its attorneys

David J. Frankel (Ill. #6237097)
Cari A. Kauffman (Ill. #6301778)
Sorman & Frankel, Ltd.
180 N. LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)