Model Plan
11/22/2013

Trustee: ☐ Marshall  ☐ Meyer
☐ Stearns  ☑ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | **Case No. 15-38216** |
| | ) | |
| **Norman S. Dillard** | ) | |
| | ) | |
| **Debtors.** | ) | **Modified Chapter 13 Plan, dated** January 25, 2016 |

☑        **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **53**; (c) total household monthly income is $ **3,556.04**; and (d) total monthly household expenses are $ **1,317.33**, leaving $ **2,238.71** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**1**

**Section C.**
***Direct payment of claims by debtor***

☑ The debtor will make no direct payments to creditors holding prepetition claims. */or/*

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____, monthly payment, $ _____

**Section D.**
***Payments by debtor to the trustee; plan term and completion***

1. *Initial plan term.* The debtor will pay to the trustee $ __2,235.00__ monthly for __60__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __134,100.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/*

☑ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
***Disburse-ments by the trustee***

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __6,705.00__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor __Provident Funding__, monthly payments of $ __648.60__. These payments, over the term of the plan, are estimated to total $**38,916.00**.

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __38,916.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

**2**

(a) Creditor:  **MB Financial Services**    Collateral:**2007 Mercedes-Benz GL 450**
Amount of secured claim: $ **13,000.00**  APR **4** %   Fixed monthly payment:$ **239.41** ;
Total estimated payments, including interest, on the claim: $**14,364.60**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which
the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be
$ **14,364.60**. [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral
that either has no value or that is fully encumbered by liens with higher priority.  No payment
will be made on these claims on account of their secured status, but to the extent that the claims
are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**Creditor:  Harrahs Illinois Corporation**         **Collateral: 3935 W. Monroe, Chicago, Illinois 60627**

**Creditor:  Richard A. Heise, Sr.**                **Collateral: 3935 W. Monroe, Chicago, Illinois 60627**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total
claim of debtor's attorney is estimated to be $ **0.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except
that the arrears payable may be reduced either with the consent of the mortgagee or by court
order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such
reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction
consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor  **Provident Funding** , arrears of $ **65,000.00** , payable monthly from available funds,
pro rata with other mortgage arrears,
☑ without interest /or/ ☐ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ **65,000.00** .

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without
interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made
by the trustee under the plan is estimated to be $ **633.73** . [Enter this amount on Line 2f of
Section H.] Any claim for which the proof of claim asserts both secured and priority status, but
which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under
this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority
unsecured claim:__**-NONE-**__ shall be paid at __**N/A**__ % of the allowed amount. The total of all
payments to this special class is estimated to be $__**N/A**__. [Enter this amount on Line 2g of
Section H.]

Reason for the special class: _____**N/A**_____.

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially
classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro
rata, ☐ in full, /or/ ☑ to the extent possible from the payments set out in Section D, but not less
than **5** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section
H.] Any claim for which the proof of claim asserts secured status, but which is not identified as

**3**

secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ____N/A____ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
***Priority***

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
***Special terms***

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
***Summary of payments to and from the trustee***

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)      $    134,100.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---|
| (a) Trustee's fees | $ | 6,705.00 |
| (b) Current mortgage payments | $ | 38,916.00 |
| (c) Payments of other allowed secured claims | $ | 14,364.60 |
| (d) Priority payments to debtor's attorney | $ | 0.00 |
| (e) Payments of mortgage arrears | $ | 65,000.00 |
| (f) Payments of non-attorney priority claims | $ | 633.73 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |
| (h) Total [add Lines 2a through 2g] | $ | 125,619.33 |

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1]      $    8,480.67

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ | 166,564.49 |
| (b) Minimum GUC payment percentage | | 5 % |
| (c) Estimated minimum GUC payment [multiply line 4a by line 4b] | $ | 8,328.22 |
| (d) Estimated interest payments on unsecured claims | $ | 0.00 |
| (e) Total of GUC and interest payments [add Lines 4c and 4d] | $ | 8,328.22 |
| (f) Payments available during initial term [enter Line 3] | $ | 8,480.67 |
| (g) Additional payments required [subtract Line 4f from Line 4e] | $ | -152.45 |

(5) Additional payments available:

**4**

|  |  |  |  |
|---|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A | |
| (b) Months in maximum plan term after initial term | | N/A | |
| (c) Payments available *[multiply line 5a by line 5b]* | | $ | N/A |

**Section I.**
*Payroll*
*Control*

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**   **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   **Date** _____

**Debtor's Attorney**   /s/ Charles L. Magerski _____   **Date** January 25, 2016

*Attorney Information*
*(name, address,*
*telephone, etc.)*

Charles L. Magerski
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188

## Special Terms *[as provided in Paragraph G]*

**Special Intentions:**

1. Debtor shall make payments directly to the Cook COunty Treasurer's Office for the real estate taxes relating to the porperty located at 3935 W. Monroe Street, Chicago, Illinois.

2. The value of Harrahs Illinois Corporation's claim on Debtor's property located at 3935 W. Monroe Street, Chicago, Illinois, is valued at zero. Consequently, Harrahs Illinois Corporation's lien shall be stripped from the property upon discharge and will be paid as an unsecured claim during the plan. Harrahs Illinois Corporation shall release its lien against the aforementioned property upon discharge.

3. The value of Richard A. Heise, Sr.'s claim on Debtor's property located at 3935 W. Monroe Street, Chicago, Illinois, is valued at zero. Consequently, Richard A. Heise, Sr.'s lien shall be stripped from the property upon discharge and will be paid as an unsecured claim during the plan. Richard A. Heise, Sr shall release its lien against the aforementioned property upon discharge.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                                          Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 15-38216-CAD
Norman S. Dillard                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: dpruitt          Page 1 of 2          Date Rcvd: Jan 26, 2016
                             Form ID: pdf003         Total Noticed: 61

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 28, 2016.
```
db            +Norman S. Dillard,    3935 W. Monroe Street,    Chicago, IL 60624-2821
23908841      +Bank Of America, N.A.,    401 N. Tryon Street,    NC1-021-02-20,   Charlotte, NC 28255-0001
23986373      +CAPITAL SOLUTION,    180 W WASHINGTON STE 300,    CHICAGO, IL 60602-2321
23908869      ++CAPITAL SOLUTIONS INVESTMENT,    180 W WASHINGTON,    SUITE 300,   CHICAGO IL 60602-2321
               (address filed with court: Loan Express,    28 E Jackson,    Suite 1324,   Chicago, IL 60604)
23908847      ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
               (address filed with court:  Citicorp Credit Services *,    ATTN: Internal Recovery,
               P.O. Box 20507,    Kansas City, MO 64195)
23908843      +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
24072786       Capital One Bank (USA), N.A.,    by American InfoSource LP as agent,    PO Box 71083,
               Charlotte, NC  28272-1083
23908845      +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
23908846      +Chase,    ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
23908849      +CitiFinancial Services Inc,    15949 S. Harlem Avenue,    Tinley Park, IL 60477-1609
23908850      +CitiFinancial, Inc,    300 St. Paul Place,    Baltimore, MD 21202-2120
23908851      +Codilis & Associates, P.C.,    15W030 North Frontage Road, Suite 100,
               Burr Ridge, IL 60527-6921
23908852      +Cook County Department of Revenue,    118 N. Clark Street,    #1160,   Chicago, IL 60602-1315
23908857      +Debt Recovery Solution,    Attention: Bankruptcy,    900 Merchants Concourse Suite Ll11,
               Westbury, NY 11590-5121
23908858      +Department of Education,    FedLoan Servicing,    PO Box 530210,    Atlanta, GA 30353-0210
23908860      +Enhanced Recovery Co,    Po Box 3002,    Southeastern, PA 19398-3002
23908862       Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23908863      +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23968783      +HSBC,    Attn: CLM FAP,    2929 Walden Avenue,    Depew, NY 14043-2690
23908864      +Harrahs Illinois Corporation,    219 N. Center Street,    Reno, NV 89501-1413
23908865      +Horseshoe Hammond LLC,    53 Stiles Road,    Salem, NH 03079-2889
23908866      +Household Finance Corporation,    208 S. LaSalle,    Chicago, IL 60604-1000
23908868      ++ILLINOIS DEPARTMENT OF REVENUE,    BANKRUPTCY DEPARTMENT,    P O BOX 64338,
               CHICAGO IL 60664-0338
               (address filed with court:  Illinois Department of Revenue,    PO Box 19035,
               Springfield, IL 62794)
23908872      +MB Financial,    4800 N. Western Avenue,    Chicago, IL 60625-1916
23908873      +MB Financial,    611 North River Road,    Des Plaines, IL 60018
23908874      +MB Financial Services,    800 West Madison Street,    Chicago, IL 60607-2683
23908871      +Macy's Inc.,    9111 Duke Boulevard,    Mason, OH 45040-8999
23908875      +Mercedes-Benz Financial,    PO Box 685,    Roanoke, TX 76262-0685
24081198       Mercedes-Benz Financial Services USA LLC,    f/k/a DCFS USA LLC,    c/o BK Servicing, LLC,
               PO Box 131265,    Roseville, MN 55113-0011
24102261       Mercedes-Benz Financial Services USA LLC,    f/k/a DCFS USA LLC SUC To DaimlerChrysle,
               c/o BK Servicing, LLC,    PO Box 131265,    Roseville, MN 55113-0011
23908876      +Metro South Medical Center,    12935 S. Gregory Street,    Blue Island, IL 60406-2428
24123039       Navient Solutions, Inc.,    P.O. Box 9640,    Wilkes-Barre, PA 18773-9640
23908879      +Provident Funding,    1235 N. Dutton Ave., Suite E,    Santa Rosa, CA 95401-4666
23908881      #+RJM Acquisitions LLC,    575 Underhill Boulevard,    Suite 224,   Syosset, NY 11791-3416
23908880      +Richard A. Heise Sr.,    5317 W. Cullom Avenue,    Chicago, IL 60641-1305
23908886      +The Schreiber Group, Inc.,    937 N Washington Street,    Naperville, IL 60563-2762
23908887      +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
23908837      +E-mail/Text: g17768@att.com Jan 27 2016 01:30:26     AT&T,    PO Box 5093,
               Carol Stream, IL 60197-5093
23908838      +E-mail/Text: g17768@att.com Jan 27 2016 01:30:26     AT&T,    225 W. Randolph Road,
               Chicago, IL 60606-1838
23908839       E-mail/Text: g20956@att.com Jan 27 2016 01:33:43     AT&T Mobility,    PO Box 6416,
               Carol Stream, IL 60197-6416
23908836      +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Jan 27 2016 01:31:26     Asset Acceptance LLC,
               28405 Van Dyke Avenue,    Warren, MI 48093-7132
23908840      +E-mail/Text: g20956@att.com Jan 27 2016 01:33:43     Att Wireless*,    P.O. Box 6416,
               Carol Stream, IL 60197-6416
23908842      +E-mail/Text: bankruptcy@cavps.com Jan 27 2016 01:32:43     Calvary Portfolio Services,
               Attention: Bankruptcy Department,    500 Summit Lake Drive  Suite 400,
               Valhalla, NY 10595-1340
23908844      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 27 2016 01:29:00     Capital One, N.A. *,
               c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
23914796      +E-mail/Text: bankruptcy@cavps.com Jan 27 2016 01:32:43     Cavalry SPV I, LLC,
               as Assignee of CitiFinancial,    500 Summit Lake Drive, Ste 400,    Valhalla, IL 10595-1340
23908854      +E-mail/Text: creditonebknotifications@resurgent.com Jan 27 2016 01:30:33     Credit One Bank,
               585 Pilot Road,    Las Vegas, NV 89119-3619
23908855      +E-mail/Text: creditonebknotifications@resurgent.com Jan 27 2016 01:30:33     Credit One Bank,
               PO Box 740237,    Atlanta, GA 30374-0237
23908853      +E-mail/Text: creditonebknotifications@resurgent.com Jan 27 2016 01:30:33     Credit One Bank,
               P.O Box 98872,    Las Vegas, NV 89193-8872
```

```
District/off: 0752-1              User: dpruitt            Page 2 of 2              Date Rcvd: Jan 26, 2016
                                 Form ID: pdf003          Total Noticed: 61
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)

```
23908856      +E-mail/Text: creditonebknotifications@resurgent.com Jan 27 2016 01:30:33      Credit One Bank NA,
               Po Box 98873,   Las Vegas, NV 89193-8873
23908859      +E-mail/Text: bknotice@erccollections.com Jan 27 2016 01:32:15      Enhanced Recovery Co,
               8014 Bayberry Road,   Jacksonville, FL 32256-7412
23908861      +E-mail/Text: bknotice@erccollections.com Jan 27 2016 01:32:15      Enhanced Recovery Corporation,
               Attention: Client Services,   8014 Bayberry Road,   Jacksonville, FL 32256-7412
23908867       E-mail/Text: rev.bankruptcy@illinois.gov Jan 27 2016 01:31:46
               Illinois Department of Revenue,   Po Box 64338,   Chicago, IL 60664-0338
23908870      +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 27 2016 01:28:15      LVNV Funding LLC,
               15 South Main Street,   Greenville, SC 29601-2743
23908878      +E-mail/PDF: pa_dc_claims@navient.com Jan 27 2016 01:28:45      Navient,   PO Box 9635,
               Wilkes Barre, PA 18773-9635
23908877      +E-mail/PDF: pa_dc_claims@navient.com Jan 27 2016 01:28:10      Navient,   PO Box 9655,
               Wilkes Barre, PA 18773-9655
23908884       E-mail/PDF: cbp@springleaf.com Jan 27 2016 01:28:42      Springleaf Financial Services,
               Crestwood Center,   13608 Cicero Avenue, Suite C,   Midlothian, IL 60445
23908835       E-mail/PDF: pa_dc_claims@navient.com Jan 27 2016 01:28:42      American General Finance,
               Attn: Bankruptcy Department,   Po Box 3251,   Evansville, IN 47731
23908882      +E-mail/PDF: pa_dc_claims@navient.com Jan 27 2016 01:28:10      Sallie Mae,
               Attn: Claims Department,   Po Box 9500,   Wilkes-Barre, PA 18773-9500
23908883      +E-mail/Text: bankruptcy@sw-credit.com Jan 27 2016 01:32:09      Southwest Credit System,
               4120 International Parkway Suite 1100,   Carrollton, TX 75007-1958
23968784      +E-mail/Text: bankruptcy@td.com Jan 27 2016 01:32:13      TD Bank, NA,   1701 Route 70 East,
               Cherry Hill, NJ 08003-2335
23908888      +Fax: 866-419-3894 Jan 27 2016 02:47:18      US Cellular,   DEPT. 0203,   Palatine, IL 60055-0001
                                                                                         TOTAL: 24


              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23908848*     ++CITIBANK,   PO BOX 790034,   ST LOUIS MO 63179-0034
               (address filed with court:  Citicorp Credit Services *,
                ATTN: Internal Recovery: Centralized Bk,   P.O. Box 20507,   Kansas City, MO 64195)
23908885      ##+The Bureaus Inc.,   Attention: Bankruptcy Deptartment,   1717 Central Street,
               Evanston, IL 60201-1507
                                                                          TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 28, 2016                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 25, 2016 at the address(es) listed below:

```
              Cari A Kauffman    on behalf of Creditor    Mercedes-Benz Financial Services USA LLC
              ckauffman@sormanfrankel.com,    dfrankel@sormanfrankel.com
              Charles L. Magerski    on behalf of Debtor 1 Norman S. Dillard Cmagerski@sulaimanlaw.com,
              courtinfo@sulaimanlaw.com/bkycourtinfo@gmail.com/ECFNotice@sulaimanlaw.com/mbadwan@sulaimanlaw.co
              m;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
              Joel P Fonferko    on behalf of Creditor    Provident Funding Associates, L.P. ND-One@il.cslegal.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Tom Vaughn    ecf@tvchi13.net,    ecfchi@gmail.com
                                                                          TOTAL: 5
```